█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS DUNCAN, Appellant.—

In our opinion, error affecting defendant's substantial rights was committed by the County Judge: (1) with respect to the crime with which defendant was charged, in defining such crime, both in the main charge, and later in response to requests to charge, in such manner that the jury may well have concluded that it was their function to decide questions of law as well as questions of fact; (2) with respect to defendant's attorney's request to charge, which had been granted, in stating to the jury that "these requests to charge are not made to make things clear to the jury. They are either made to confuse the jury or to get the Judge to make some ruling which may be the basis for error on an appeal;" and (3) in failing to instruct the jury adequately as to the necessity for proof that defendent was a principal in the commission of the crime, as that term is defined in section 2 of the Penal Law. In our opinion, it was also error, in view of the nature of the evidence adduced which established that the person who was killed had not been struck by defendant's car, and in view of the necessity for a finding of a causal connection between culpable negligence and the death of the person killed, to

instruct the jury that if they believed the witnesses for the People and "what they have told you here" they could bring in a verdict of guilty. Although only the last-mentioned portion of the charge was excepted to, we are of the opinion that justice requires a new trial. Since we have decided that a new trial should be ordered in any event, we have not passed upon defendant's other contentions. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.